UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY R. WYCKOFF,<br><br>Plaintiff,<br><br>v.<br><br>KAMALA HARRIS, et al.,<br><br>Defendants. | No.  2:16-cv-0917-TLN-KJN PS<br><br><br><br>ORDER |

Plaintiff Sidney Wyckoff, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that plaintiff's complaint fails to state a claim on which relief may be granted, and that granting leave to amend would be futile.  As such, the court DISMISSES the action WITH PREJUDICE and DENIES AS MOOT plaintiff's application to proceed *in forma pauperis*.

---

[1] All parties that have appeared in the action consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).  (See ECF No. 3.)

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Liberally construed, the complaint alleges that, following a vehicle accident on August 24, 2006, plaintiff was charged with eight (8) felony counts of assault with a deadly weapon and one misdemeanor count of reckless driving causing injury. According to plaintiff, he was not responsible for the accident, which was instead caused by the victim herself, who purportedly

traveled at excessive speed and lost control of her vehicle. Nevertheless, after a jury trial, plaintiff was ultimately convicted of count 8 (assault with a deadly weapon). Subsequently, plaintiff signed a sentencing agreement, which purportedly involved a sentence of five (5) years' probation in exchange for a waiver of plaintiff's right to appeal. Thereafter, the assigned judge, Judge Arvid Johnson, in a bench trial also convicted plaintiff of the misdemeanor count of reckless driving, and imposed an additional sentence beyond the terms of the approved sentencing agreement. Plaintiff was apparently released from the Yolo County jail around June 17, 2010. (See generally Complaint, ECF No. 1.)

Plaintiff alleges numerous errors and irregularities in the above-mentioned criminal case, including that: (1) the assigned judge improperly denied plaintiff a jury trial on the misdemeanor count of reckless driving; (2) the count on which plaintiff was convicted by the jury (Count 8 - assault with a deadly weapon) had actually been dismissed prior to trial; (3) plaintiff was unable to confront certain witnesses against him; (4) the assigned judge had improperly added to plaintiff's sentence beyond the terms of the sentencing agreement; and (5) plaintiff had received ineffective assistance of counsel in the criminal case. Based on such purported errors and irregularities, as well as alleged want of consideration, failure to achieve a meeting of the minds, and fraud on the part of the Yolo County District Attorney's Office, plaintiff contends that the sentencing agreement is null and void. Plaintiff asserts three claims for "declaratory relief" pursuant to 42 U.S.C. § 1983 against defendants Kamala Harris (in her official capacity as the Attorney General for the State of California); Judge David Rosenberg (in his official capacity as the Presiding Judge of the Yolo County Superior Court); and Jeff Reisig (in his official capacity as the District Attorney of Yolo County). Plaintiff essentially seeks a declaration from this court that his state court convictions were obtained in violation of his Sixth Amendment and Fourteenth Amendment rights, and that his sentencing agreement is void. (See Complaint, ECF No. 1.)

As an initial matter, the court notes that there appears to be no proper basis for asserting section 1983 claims against the above-named defendants, who are not alleged to have had any individual involvement in plaintiff's underlying criminal case. The doctrine of *respondeat superior* does not apply in section 1983 civil rights cases, and to the extent that plaintiff names

such defendants solely in their official capacities, plaintiff has alleged no facts in support of a plausible claim under Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978).

However, even if such defects could be cured by amendment, plaintiff's claims are plainly not viable, because they amount to a forbidden *de facto* appeal of a state court decision. Skinner v. Switzer, 562 U.S. 521, 531 (2011) (explaining that the Rooker-Feldman doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment). Here, plaintiff alleges numerous constitutional errors purportedly made by the state court, and the relief plaintiff seeks in this federal action would result in his convictions and sentence being set aside. As such, plaintiff's claims in this civil action are barred as a forbidden *de facto* appeal. Any relief from plaintiff's criminal convictions and sentence must instead be sought in a direct appeal to the state appellate court,[2] or potentially through habeas corpus proceedings, assuming that the appropriate requirements are satisfied.[3]

Ordinarily, the court liberally grants pro se plaintiffs leave to amend. However, because the record here demonstrates that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile. Indeed, the court notes that plaintiff previously filed an action in this court seeking substantially similar relief, which was likewise dismissed, at least in part, as barred by the Rooker-Feldman doctrine. (See Wyckoff v. Couzens, et al., 2:15-cv-1158-TLN-KJN PS.) In that prior action, the court specifically informed plaintiff that any relief from his criminal convictions must be sought in a direct appeal to the state appellate court or through habeas corpus

---

[2] Although plaintiff alleges that he waived his appellate rights as part of the sentencing agreement, he was free to attempt to argue to the state appellate court, as he does in this case, that the entire sentencing agreement, including any appellate rights waiver, was void, a matter on which this court expresses no opinion. The mere fact that the deadline to file an appeal in state court may now potentially have expired provides no basis to entertain plaintiff's improper *de facto* appeal in federal court.

[3] It is unclear what relief plaintiff could obtain from habeas corpus proceedings, given that he was apparently released from jail around June 17, 2010, and that his probation period may well have expired. Nevertheless, given the limited record, the court makes no specific findings in that regard.

1  proceedings.  (See id. ECF No. 5.)  Plaintiff is hereby cautioned that if he subsequently files
2  another civil action in this court attempting to seek relief from the above-mentioned state court
3  criminal convictions or sentence, other than by virtue of a petition for writ of habeas corpus,
4  sanctions pursuant to Federal Rule of Civil Procedure 11 may be imposed.
5      Accordingly, IT IS HEREBY ORDERED that:
6      1.  The action is DISMISSED WITH PREJUDICE.
7      2.  Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is DENIED AS MOOT.
8      3.  The Clerk of Court shall close this case.
9  Dated:  May 27, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE